**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

SACINO & SONS, INC.
d/b/a Sacino's Formalwear,

    Debtor.
_____/

Case No.: 8:09-bk-19119
Chapter 11

*Emergency Relief Requested*

## DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Sacino & Sons, Inc. d/b/a Sacino's Formalwear, as debtor and debtor-in-possession ("Debtor"), hereby files its Emergency Motion for Authority to Use Cash Collateral (the "Motion") pursuant to 11 U.S.C. §§1105, 363 and 541 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and in support says:

### Jurisdiction

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter for this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §105, 363, and 541 of the Bankruptcy Code. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

### Background

2.    On August 28, 2009 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3.    The Debtor is operating its business and managing its property as debtor-in-possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

4. The Debtor is in the retail business of renting and selling formal wear.

5. No trustee or examiner has been appointed in this case and no official committees have been appointed pursuant to §1102 of the Bankruptcy Code.

**Relief Requested and Grounds for Relief**

6. The Collateral may constitute the cash collateral of Synovus Bank, (the "Secured Creditor"). By this Motion, the Debtor seeks the entry of an order authorizing use of cash collateral. The Debtor proposes to use cash collateral for purposes which include the following:

    (a) Care, maintenance and preservation of the Debtor's assets;

    (b) Payment of necessary payroll and other business expenses;

    (c) Purchase of goods and services, including inventory; and

    (d) Continued business operations.

Except as specifically authorized by law or court order, the Debtor will not use cash collateral to pay pre-petition obligations.

7. The Debtor proposes to allow replacement liens on the post-petition collateral at the same amount and to the same extent, validity and priority as the Secured Creditor held pre-petition and maintain the same level of collateral as pre-petition. Because of uncertainties regarding the timing of expenses and purchases, and the impact of Chapter 11 on these items, it is impossible to predict with accuracy the precise amount of cash collateral necessary for the Debtor to operate its business. The proposed utilization of cash collateral will not, in any event, impair the Secured Creditor's position.

8. The Debtor requests authority to use cash collateral immediately to fund the operating expenses necessary to continue the operation of its business and to maintain the estate,

to acquire inventory, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

9. There is not sufficient time for a full hearing pursuant to Bankruptcy Rule 4001 (b) (2) to be held before the Debtor must use cash collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use cash collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the Debtor's business and on the value of its assets. In order to continue its business activity in an effort to achieve a successful reorganization, the Debtor must use cash collateral in its ordinary business operations. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations which will result in irreparable injury to the Debtor and its chances of reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Collateral. Indeed, it is in the best interest of the Debtor that the Debtor use the cash collateral, if such usage will preserve the value of the Collateral.

10. The Debtor proposes to grant the Secured Creditor a replacement lien on all deposit accounts and accounts receivable acquired after the Petition Date equal in extent, validity and priority to the security interest in the deposit accounts and accounts receivable that the Secured Creditor held as of the Petition Date. In other words, the Debtor proposes that the Secured Creditor's floating lien continue to "float" on post-petition deposit accounts and accounts receivable, notwithstanding §552of the Bankruptcy Code to the same extent and level of priority as the pre-petition liens on collateral.

11. The interest of the Secured Creditor will be adequately protected by the Debtor's continued operation. The Debtor further alleges that all conditions precedent to the use of cash collateral have been preformed or have occurred.

12. If allowed to use cash collateral, the Debtor believes that it can operate its business during the Chapter 11 and successfully reorganize its business.

## Notice

13. Notice of this Motion is being sent to the Secured Creditor via facsimile and the Secured Creditor will be contacted telephonically, the United States Trustee for the Middle District of Florida and the twenty (20) largest unsecured creditors of the Debtor will be notified by U.S. Mail or via the Court's electronic CM/ECF Noticing System. Such notice is sufficient under Rule 4001.

WHEREFORE, the Debtor respectfully requests that this Court enter an order permitting the Debtor to use its cash collateral on which the Secured Creditor has a lien pursuant to the terms set forth herein, schedule an emergency preliminary hearing on the Motion, schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001 (b) (2), and granting such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Richard J. McIntyre
RICHARD J. MCINTYRE
Florida Bar No. 0962708
Rich@mcintyrefirm.com
McIntyre, Panzarella, Thanasides,
   Eleff & Hoffman, P.L.
6943 E. Fowler Avenue
Temple Terrace, Florida 33617
(813) 899-6059
(813) 899-6069 (Facsimile)
*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing *Debtor's Emergency Motion for Authority to Use Cash Collateral* has been furnished on this 29th day of August, 2009, by the Court's CM/ECF system to:

Office of the United States Trustee
501 East Polk Street, Suite 1200
Tampa, Florida 33602

By United States mail to:

| | | |
|---|---|---|
| CARLSON CRAFT<br>P.O. BOX 8700<br>MANKATO, MN 56002-8700 | CHAPLIN RET<br>15580 E. HINSDALE CIRCLE<br>ENGLEWOOD, CO 80112 | Daniel or Linda Santucci<br>34008 Americana Ave<br>Dade City, FL 33525 |
| DEBARTOLO CAPITAL PART.<br>9690 TYRONE SQ.<br>1361 MOMENTUM PLACE<br>CHICAGO, IL 60689-5311 | EDISON MALL BUSINESS TRUST<br>7490 RELIABLE PARKWAY<br>CHICAGO, IL 60686-0074 | FCGI REN 28<br>PO BOX 186<br>Lyndhurst, NJ 07071 |
| FCGI RET 30<br>PO BOX 186<br>Lyndhurst, NJ 07071 | Freedom Bank<br>P.O. Box 1441<br>Saint Petersburg, FL 33731-1441 | GGP/HOMART II L.L.C.<br>ALTAMONTE MALL FILE #2683<br>1203 PAYSPHERE CIRCLE<br>Chicago, IL 60674 |
| Internal Revenue Service<br>Atlanta, GA 39901-0102 | LEAF FUNDING, INC.<br>P.O. BOX 644006<br>CINCINNATI, OH 45264-4006 | McCarthy, Burgess & Wolff<br>MBW Building<br>26000 Cannon Rd<br>Cleveland, OH 44146 |
| Ronald or Greg Sacino<br>2507 Pass A Grille Way<br>Saint Petersburg, FL 33706 | Ronald or Sherry Sacino<br>2507 Pass A Grille Way<br>Saint Petersburg, FL 33706 | SEMINOLE TC, LP<br>7726 RELIABLE PARKWAY<br>CHICAGO, IL 60686 |
| SunTrust Bank<br>PO Box 26150<br>Richmond, VA 23260-6150 | Synovus Bank<br>333 3rd Ave<br>Saint Petersburg, FL 33701 | T-1 COOPERATIVE -<br>SAVVI OWNERS ASSOC.<br>12258 WILLOW VIEW CIRCLE<br>NORTHPORT, AL 35475 |

                                            /s/ Richard J. McIntyre
                                            Attorney